UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANCK,<br><br>                Petitioner,<br><br>      v.<br><br>SUZAN HUBBARD, Warden, et al.,<br><br>                Respondents. | Civil No.   07-0846 J (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

**MOTION TO PROCEED IN FORMA PAUPERIS**

      Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ /

/ /

## FAILURE TO SIGN THE PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition shall be typewritten or legibly handwritten and <u>shall be signed under penalty of perjury by the petitioner</u>." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added).  Here, Petitioner has failed to sign the Petition.  The Court cannot proceed with this action until Petitioner files a petition which is <u>signed</u>.

## FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS

Petitioner has not alleged exhaustion as to claim four.  (*See* Pet. at 9.)  The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1]  *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. *See Anderson*, 459 U.S. at 6.  Here, Petitioner indicates that his claim that his sentence violates the U.S. Constitution (claim four) is unexhausted.

## PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim the Court has determined is likely unexhausted.  If Petitioner chooses this option, his papers are due no later than **July 5, 2007**.  Respondent may file a reply by **August 6, 2007**.

//

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **July 5, 2007**. Respondent may file a reply by **August 6, 2007**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition in federal court does not stop the statute of limitations from running. *Duncan*, 533 U.S. at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iii) Third Option: Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **July 5, 2007**. Respondent may file a reply by **August 6, 2007**.

/ /

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *See Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (interpreting *Rhines v. Weber*, 544 U.S. 269 (2005) as permitting a district court to stay a mixed petition while the petitioner returns to state court); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **July 5, 2007**. Respondent may file a reply by **August 6, 2007**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than July 5, 2007**: (1) choose one of the options outlined above, AND (2) file a First Amended Petition that is signed.

**IT IS SO ORDERED.**

DATED: May 17, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All parties

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28