UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES HARRY FRANCK, | ) | Civil No.07cv846-J (NLS) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **RE: PETITIONER'S MOTION TO** |
| | ) | **STAY PETITION & RESPONDENT'S** |
| SUZAN L. HUBBARD, Warden, | ) | **MOTION TO DISMISS** |
| | ) | |
| Respondent. | ) | [Doc. Nos. 4 & 8] |
| | ) | |

On May 9, 2007, Petitioner James Franck ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). Presently before the Court are Petitioner's Motion to stay the petition [Doc. No. 4] and Respondent Suzan L. Hubbard's Motion to Dismiss [Doc. No. 8]. Petitioner concedes that one of his four federal claims is unexhausted, and requests that these proceedings be stayed so that he can exhaust the claim in state court. Respondent seeks dismissal of the petition in its entirety, arguing that none of Petitioner's claims have been exhausted properly. For the reasons outlined below, this Court **RECOMMENDS** that Petitioner's Motion to stay the petition be **DENIED** and Respondent's Motion to Dismiss be **GRANTED**.

## BACKGROUND

The following statement of facts is taken from the appellate court opinion denying Petitioner's direct appeal. This Court gives deference to state court findings of fact. *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts).

///

> "At about 3:30 p.m. on June 3, 2004, Franck broke into Todd Bradley's apartment when Bradley was not at home and stole a VCR, DVD player, and VHS cassettes. Bradley's neighbor, Alicia Ramos, heard breaking glass and saw Franck leave the apartment with two plastic trash bags. Ramos summoned the police. Before the police arrived, Franck obtained ice cream from an ice cream vendor on the street, and then went to an alley and showed the stolen items in the bags to a man in a truck. When the police arrived, Franck left the items on the tailgate of the man's vehicle and started walking slowly away. The police called out to him to stop and return for questioning. At first Franck ignored their commands, but eventually he turned and walked back to the police. Franck was detained and then arrested.
>
> Franck had broken through a sliding glass door to gain entry into Bradley's apartment. A brick from Bradley's yard was found on the floor in the apartment. Holes in the sliding screen and glass doors suggested that Franck threw the brick through the screen and the glass door, and then reached his hand in and unlocked the glass door. At the time of this arrest, Franck had no blood, cuts, or scratches on his arms.
>
> Blood tests showed that Franck tested positive for cocaine and methamphetamine use.
>
> ( . . . )
>
> Rejecting Franck's voluntary intoxication defense, the jury found him guilty of residential burglary."

(*Lodgment No. 3*, *People v. Franck*, No. D045831, slip op. at 2-4 (Cal.Ct.App. October 14, 2005.).)

On September 17, 2004, Petitioner was convicted of residential burglary (Cal.Penal Code § 459, 460), being under the influence of cocaine (Cal.Health and Safety Code § 11550(a)), and resisting an officer (Cal.Penal Code § 148 (a)(1)). (*See* Lodgm't. 1 at 61-63.) During a sentencing hearing on January 13, 2005, the trial judge in the San Diego Superior Court struck one of Petitioner's prison priors and sentenced him to a thirteen year term of incarceration. (*See* Lodgm't. 1 at 109.)

Petitioner filed a direct appeal in the California Court of Appeal, Fourth Appellate District, Division One. (*See* Lodgm't. 2). Petitioner alleged that (1) the trial court should have struck his prior strike conviction given the nature of the offense and his condition at the time it was committed, and (2) there was insufficient evidence that he possessed the necessary intent to commit residential burglary due to intoxication. (*See id.* at 8,12.) On October 14, 2005, the Court of Appeal affirmed Petitioner's convictions. (*See* Lodgm't. 3 at 1.) Petitioner did not petition for direct review by the California Supreme Court.

On March 15, 2006, Petitioner filed a Petition For Writ of Habeas Corpus in the San Diego Superior Court. (*See* Lodgm't. 4.) Petitioner alleged four claims for relief: (1) his trial counsel was

ineffective for failing to use a psychiatric defense; (2) his trial counsel was ineffective for advising him not to testify in light if his numerous prior convictions; (3) because he was not taking his psychiatric medication, he was cognitively impaired at the time of the offense; and (4) the trial court was prejudiced against Petitioner because of his prior convictions. (*See* Lodgm't. 4, "Grounds for Relief.") On May 4, 2006, the Superior Court denied the Petition. (*See* Lodgm't. 5.)

On April 14, 2006, Petitioner filed a similar habeas petition in the California Supreme Court, alleging: (1) his trial counsel was ineffective for failing to use a psychiatric defense; (2) a violation of his First Amendment rights based on his trial counsel's refusal to let him testify at the close of trial in his own defense; (3) diminished capacity because he was not taking his psychiatric medication at the time of the offense; and (4) a violation of the Eighth Amendment's ban on cruel and unusual punishment based on the sentence enhancement he received due to his prior convictions. (*See* Lodgm't. 6, "Grounds for Relief.") On December 20, 2006, the California Supreme Court denied the Petition without comment. (*See* Lodgm't. 7.)

On May 9, 2007, Petitioner filed the instant federal petition alleging four grounds for relief: (1) violation of his Sixth Amendment right to counsel of his choice based on the denial of the trial court of his motion requesting a Marsden hearing; (2) a violation of his First Amendment rights based on his trial counsel's refusal to let him testify at the close of trial in his own defense; (3) a violation of his due process rights based on prosecutorial vindictiveness; and (4) the trial court sentenced him in violation of *Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856 (2007). (*See* Lodgm't. 8 at 6-9.) Petitioner filed a motion to proceed *in forma pauperis* concurrently with his federal petition. The Court granted the motion, but stated that Petitioner failed to allege exhaustion for his *Cunningham* claim. (*See* Order filed May 17, 2007, Doc. No. 3, 2-4.) The Court instructed Petitioner regarding his options to proceed, given his failure to exhaust, and set a July 5, 2007, deadline for Petitioner to chose an option and file an appropriate pleading.[1] (*See id.*)

On July 5, 2007, Petitioner filed a "Petition to Motion to Procede [sic] in Forma Pauperis to

---

[1] Petitioner was presented with the standard options given pursuant to *Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982): (1) demonstrate exhaustion; (2) voluntarily dismiss the petition; (3) formally abandon his unexhausted claim; or (4) file a motion to stay the federal proceedings while he exhausts his claims in state court. (*See* Order filed May 17, 2007, at 2-4.)

Staying in Federal District and Getting a Favorable Decision in Supreme or Exhausting Remaining Claims Simultaneously" [Doc. No. 4], as well as a Notice of Lodgment in Support [Doc. No. 7]. The Court construed the motion as a request by Petitioner to stay and abey his petition in order to return to state court and exhaust his unexhausted *Cunningham* claim, and ordered Respondent to file a response to the motion [Doc. No. 5]. Respondent filed a Motion to Dismiss [Doc. No. 8], arguing that none of Petitioner's claims are exhausted, and therefore the petition should be dismissed in its entirety. (*Respondent's Motion*, 1.) Petitioner did not file a response to Respondent's Motion.

## DISCUSSION

### I. *Exhaustion*

As a threshold matter, the Court must determine which of Petitioner's four federal claims have been properly exhausted. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A petitioner satisfies the exhaustion requirement by presenting the state court with both the controlling legal principles and the facts bearing upon his constitutional claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). Exhaustion is accomplished if the state's highest court had an opportunity to rule on the merits of the claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Respondent asserts that Petitioner failed to exhaust all of his claims. (*Respondent's Motion*, 1.) Petitioner admits in his federal Petition that he did not exhaust his *Cunningham* claim in state court; also, by filing a motion for stay and abeyance, Petitioner concedes that the petition contains at least one unexhausted claim. (*Petition*, 9.) However, Petitioner asserts that he exhausted his additional three claims. (*Id.* at 6-8.)

Petitioner's first claim is that his Sixth Amendment right to choice of counsel under *U.S. v. Gonzalez-Lopez*, ___ U.S. ___, 126 S. Ct. 2557 (2006), was violated. (*Petition*, 6.) While at first glace it appears that Petitioner did not raise this issue at all in state court, the facts that Petitioner alleges in support of this claim are nearly identical to those Petitioner alleged in support of his ineffective assistance of counsel claims in his petition to the California Supreme Court. However, in order to satisfy the exhaustion requirement, when presenting claims in state court, the petitioner must be explicit

that his claims are based on federal law. *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (holding that reference to "due process" was insufficient to present a federal claim). Thus, the "petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) *as amended upon denial of hearing en banc*, 247 F.3d 904 (9th Cir. 2001). The Ninth Circuit later extended this principle and held that "citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003).

Here, Petitioner's state petition as presented to the California Supreme Court states that his first ground for relief is "ineffective assistance of counsel. Mr. Miller refused to use the appropriate defense of temporary insanity." (*See* Lodgm't. 6 at 3.) Nowhere in the petition does Petitioner make any explicit reference to the U.S. constitution, a federal case, or a state case citing federal law; his claim is purely factually based. (*Id.* at 3, 7.) While the language of "ineffective assistance of counsel" seems to imply a federal claim, it is not sufficient that the federal basis of Petitioner's claim appears to be self evident. *See Baldwin v. Reese*, 541 U.S. 27, 34 (2004) (holding that habeas petition did not "fairly present" a federal ineffective assistance of appellate counsel claim.); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000). Without specifically referencing a federal statute, case, or the federal constitution, Petitioner cannot demonstrate that his claim referred to a federal ineffective assistance of counsel claim, instead of a state claim. *See Baldwin v. Reese*, 514 U.S. at 33[2]. As a result, Petitioner's federal claim alleging violation of his Sixth Amendment rights based on ineffective assistance of counsel has not been fairly presented to the state's highest court, and therefore is technically unexhausted.

In his second federal claim, Petitioner asserts that his First Amendment rights were violated when he was not permitted to address the jury during closing arguments at his trial. Petitioner alleges that his attorney, the judge, and the bailiff all restrained him to prevent him from speaking to the jury. (*Petition*, 7.) Petitioner asserted this claim in his state petition before the California Supreme Court. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (explaining that a habeas petitioner has satisfied

---

[2] In *Baldwin*, the petitioner raised the issue of whether a claim for ineffective assistance of counsel could be considered fairly presented in state court when the state analysis for ineffective assistance of counsel was identical to the federal analysis. The United States Supreme Court, however, found the issue waived because the petitioner did not raise it with the Ninth Circuit, and thus did not address the merits of the petitioner's argument.

the exhaustion requirement if the federal claim was presented to the highest state court with jurisdiction to consider it). Petitioner specifically plead his claim as a violation of the First Amendment, thus Petitioner "fairly presented" the issue to the California Supreme Court and the claim has been properly exhausted.

Petitioner's third claim in his federal petition is that his conviction was a result of prosecutorial vindictiveness based on the exercise of Petitioner's legal rights, citing *Blackledge v. Perry*, 417 U.S. 21 (1974), and *United States v. Goodman*, 457 U.S. 368 (1982). (*Petition*, 8.) However, Petitioner did not assert this claim, or even a similar claim, in his petition to the California Supreme Court. (*See generally,* Lodgm't. 6 at 3, 7.) As such, this claim is clearly unexhausted.

Finally, Petitioner alleges in his federal petition a violation of *Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856 (2007). It is difficult to discern precisely what Petitioner asserts, as his factual basis in support of his claim consists of a broad generalization of the *Cunningham* holding and contains little application of the holding to his own sentence. (*Petition*, 9.) Regardless, Petitioner himself admits that he did not raise this claim, or a similar claim, in his petition to the California Supreme Court. As such, this claim is also unexhausted, and Petitioner's federal petition contains one exhausted claim and three unexhausted claims, and therefore is considered a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

**II.     *Stay and Abeyance***

There are two approaches for analyzing a stay-and-abeyance motion, depending on whether the petition is mixed or fully exhausted. *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). *See Jackson*, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), applies. *See Jackson*, 425 F.3d at 661. Because the petition in this case is mixed, *Rhines* applies. Under *Rhines*, as a threshold condition for this Court to exercise its discretion to issue a stay-and-abeyance order, the Court must determine that there was good cause for failing to exhaust his

claims before raising them in this case. *See Rhines v. Weber*, 544 U.S. at 277. If there is good cause for Petitioner's failure to exhaust, it may be an abuse of discretion to deny the request for stay and abeyance where there is no indication of intentional dilatory litigation tactics. *See id.* at 278. However a stay and abeyance is not appropriate where the unexhausted claims are plainly meritless. *See id.* at 277.

The Supreme Court in *Rhines* did not define "good cause." *Id.* at 276. The Ninth Circuit has endorsed a lenient standard in *Jackson v. Roe*, holding the "good cause" standard to be less stringent than the "extraordinary circumstances" standard applied to equitable tolling of AEDPA's one-year statute of limitations. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (2005). However, the Ninth Circuit has not provided additional clarification as to the meaning of "good cause." District courts have taken varying approaches. One such district court concluded that the good cause standard for failure to exhaust "should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). The court held that the petitioner must show that he was "prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control . . . " *Id.* at 1211. Other district courts in the Ninth Circuit have analogized "good cause" to the cause required to overcome a procedural bar. See *Johnson v. Sullivan*, 2006 WL 37037 (C.D. Cal. 2005). In this context, "cause" would mean some objective factor external to the petitioner which gave rise to the default. *See id.* at 3. In sum, the "good cause" standards set forth in *Rhines* requires, at the very least, a showing of diligence in exhausting claims in state court.

In his motion, Petitioner offers no explanation for his failure to exhaust three of his four federal claims. Petitioner does not comment as to why he never sought relief on all his current claims by way of state post-conviction proceedings. Instead, Petitioner simply re-alleges many of the facts that he raised in all of his state and federal petitions, and nothing more. (*See* Petitioner's Mot. at 7.) Petitioner does not assert that his failure to exhaust was due to his own ignorance or confusion about the law, or circumstances over which he had no control. Because Petitioner has not established good cause for failure to present the unexhausted claims to the California Supreme Court before filing this habeas action, Petitioner is not entitled to a stay-and-abeyance order. Respondent's motion to dismiss should be granted because the instant petition contains unexhausted claims.

Denial of a motion for stay and abeyance, in combination with granting a motion to dismiss the petition, shall result in the dismissal of the entire petition. As such, Petitioner ordinarily should then be given an opportunity to choose from one of two remaining options available under *Rhines*: (1) file an amended petition which deletes the unexhausted claims and presents only his exhausted claim; or (2) accept dismissal of the entire petition, including the exhausted claim, without prejudice to re-filing the petition once all the claims have been exhausted in state court. However, as explained in further detail below, the statute of limitations for Petitioner to file a federal petition has expired, rendering option two impracticable.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year to file his federal petition for habeas corpus from the date on which his judgment of conviction became final by the conclusion of direct review, or the expiration of time seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). On October 14, 2005, the California Court of Appeal, Fourth Appellate District affirmed the judgment against Petitioner. (*See* Lodgm't 3 at 1.) Because Petitioner did not seek direct review by the California Supreme Court, Petitioner's conviction became final forty days after the Court of Appeal issued its decision, on November 23, 2005. *See* Cal.Rules of Court 8.264(b); Cal.Rules of Court 8.500(e); *Smith v. Duncan* 297 F.3d 809 (9th Cir. 2002). The one-year statute of limitations period began running the following day, November 23, 2005.[3] The statute of limitations would normally expire one year from that date, but because November 24th fell on the day after Thanksgiving, a federal holiday that year, the last true day for Petitioner to file a federal habeas petition was on November 27, 2006. Because Petitioner's federal habeas petition was filed on May 9, 2007, nearly six months past the statute of limitations expiration, Petitioner's petition for writ of habeas corpus is untimely, and must be dismissed, unless he is entitled to tolling of the statute of limitations.

AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d)(2). An application is considered "pending" until "the application has achieved final resolution through the State's post-conviction

---

[3] While November 23, 2005 was Thanksgiving day, the statute of limitations began to run, nonetheless. *See* Cal.Civ.Proc.Code § 12.

procedures . . . " *Carey v. Saffold*, 536 U.S. 214, 220 (2002). However, the limitation period is not tolled for the period between the petitioner's final state court judgment and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Consequently, Petitioner is not entitled to tolling for the time between when his state court conviction became final and the filing of his first state habeas petition. Petitioner is, however, entitled to tolling for the time between when he filed his petition in the state superior court and the superior court's denial of his petition. Petitioner filed his petition on March 15, 2006, and the Superior Court denied the petition on May 4, 2006, so Petitioner is entitled to fifty days of tolling while this petition was pending. Petitioner is also entitled to tolling for the time his petition was pending before the California Supreme Court, from May 4, 2006 to December 20, 2006; two hundred thirty one days.[4] Added together, the time Petitioner is entitled for tolling totals two hundred eighty-one days, or a little more than nine months.

Accounting for the time the Petition was properly tolled, the limitations period expired on September 4, 2007. Therefore, as stated above, Petitioner has no time remaining under the one-year statute of limitations period imposed by section 2244(d) to exhaust his claims in state court and return to re-file his exhausted claims in federal court. Accordingly, this Court **RECOMMENDS** that Petitioner be given an opportunity to file an amended petition which deletes the unexhausted claims and presents only his exhausted claim.

## CONCLUSION

Because Petitioner is unable to demonstrate good cause for his failure to exhaust three of his four federal claims, this Court **RECOMMENDS** that Petitioner's Motion for a Stay and Abeyance [Doc. No. 4] be **DENIED** and that Respondent's Motion to Dismiss [Doc. No. 8] be **GRANTED**. This Court **FURTHER RECOMMENDS** that Petitioner be given an opportunity to file an amended petition which deletes the unexhausted claims and presents only his exhausted claim.

///

---

[4] This time would ordinarily be calculated from the date petitioner filed his petition with the California Supreme Court. Petitioner, however, filed his petition in the California Supreme Court prior to obtaining a judgment on the petition from the Superior Court. Accordingly, the tolling date for the petition in the California Supreme Court will be calculated from the date the Superior Court issued its judgment, on May 4, 2006.

1      This Report and Recommendation is submitted by the undersigned Magistrate Judge to the
2  United States District Judge assigned to this case, pursuant to the provision of Title 28, United States
3  Code, section 636(b)(1).
4      **IT IS ORDERED** that no later than *__December 3, 2007__*, any party to this action may file written
5  objection with the Court and serve a copy on all parties. The document should be captioned "Objections
6  to Report and Recommendation."
7      **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
8  served on all parties no later than *__December 14, 2007__*. The parties are advised that failure to file
9  objections within the specified time may waive the right to raise those objections on appeal of the
10 Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11     **IT IS SO ORDERED**.
12 DATED: November 5, 2007

                                                                Hon. Nita L. Stormes
                                                                 U.S. Magistrate Judge