# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANCK,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>SUZAN HUBBARD, Warden, et al.,<br><br>　　　　　　　　　Respondents. | Civil No.   07-0846 J (NLS)<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE STORMES' REPORT AND RECOMMENDATION; and**<br><br>**(2) DENYING THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

　　　Before the Court is Magistrate Judge Nita L. Stormes' Report and Recommendation ("R&R") recommending that the Court deny the First Amended Petition for Writ of Habeas Corpus pursuant to 28.U.S.C. § 2254 of Petitioner James Harry Franck ("Petitioner"). [Doc. No. 16.] The Court has considered all the supporting documents that the parties have submitted. Having considered these documents, this Court now **ADOPTS** the R&R and **DENIES** the petition for the reasons stated below.

## FACTUAL BACKGROUND

　　　This Court gives deference to State court findings and presumes their correctness. To rebut this presumption, the Petitioner bears the burden of proving the State court's error by clear and convincing evidence. 28 U.S.C. §2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding that findings of historical fact, including inferences properly drawn form such facts, are entitled to a

statutory presumption of correctness). Petitioner has not provided the Court with clear and convincing evidence that the State court erred in its findings of fact.

The following facts are taken from the appellate court opinion denying the Petitioner, Mr. Franck, his direct appeal. On June 3, 2004, Petitioner broke into the victim's, Mr. Bradley, apartment and stole a VCR, DVD player, and VHS cassettes. Petitioner had broken through a sliding glass door to gain entry. A brick from Mr. Bradley's yard was found on the floor in the apartment. Mr. Bradley's neighbor heard breaking glass and saw Mr. Franck leave the apartment with two plastic trash bags at which point she summoned the police. Before the police arrived, Petitioner showed the stolen items in the bags to a man in a truck. When the police arrived, they observed Petitioner leave the items on the tailgate of the truck and walk away slowly. The police called out to Petitioner to stop and return for questioning. Initially, Petitioner ignored their commands, but eventually he turned and walked back to the police where he was arrested.

Petitioner's blood tested positive for cocaine and methamphetamine use. The police ascertained that he was under the influence of drugs and alcohol based on his alcoholic smell, bloodshot eyes, dilated pupils, fluttering eyelids, dry mouth, rapid pulse, and profuse sweating. Petitioner was initially cooperative with the police, but after he was arrested his behavior became out of control and irrational. While in the police car, he began yelling and cursing, hitting the protective cage with his shoulder or head and kicking the car door, windows, and roof. Because Petitioner told police to kill him, the police eventually took him to a county mental health facility. After a county mental health evaluation, Petitioner was released back into prison custody and eventually tried.

**PROCEDURAL BACKGROUND**

A jury found Petitioner guilty of residential burglary (Cal. Penal Code § 459, 460), being under the influence of cocaine (Cal. Health and Safety Code § 11550(a)), and resisting an officer (Cal. Penal Code § 148 (a)(1)), after which the trial court sentenced him to a thirteen-year term of incarceration. [Lodgment No. 1.] Petitioner filed a direct appeal in the California Court of Appeal, Fourth Appellate District, Division One. [Lodgment No. 8.] Petitioner raised two claims before the appellate court. First, Petitioner challenged the sufficiency of the evidence to support his burglary conviction, arguing that because of his intoxication he lacked the specific intent to commit theft. Petitioner also claimed that the trial court abused its discretion during sentencing in refusing to dismiss his prior strike under the Three

1  Strikes law. On October 14, 2005, the appellate court rejected his claims and affirmed Petitioner's
2  convictions and sentence. [Lodgment No. 11.]  Petitioner did not seek direct review by the California
3  Supreme Court.           On March 15, 2006, Petitioner, proceeding *pro se*, filed a Petition For Writ of
4  Habeas Corpus in the San Diego Superior Court. [Lodgment No. 12.] Petitioner raised four claims for
5  relief: (1) ineffective assistance of trial counsel for failing to raise a defense of alcohol and drug-induced
6  temporary insanity or psychosis; (2) violation of his First Amendment right to free speech when the trial
7  judge did not allow him to address the court directly after the completion of closing arguments; (3)
8  diminished capacity at the time of the offense because he was not taking his psychiatric medication and
9  therefore was cognitively impaired; and (4) violation of his Eighth Amendment right to be free from
10 cruel and unusual punishment based on the trial court's refusal to dismiss his prior strike conviction.
11 [*Id.*] On May 4, 2006, the Superior Court denied the Petition in a written order. [Lodgment No. 13.] On
12 April 14, 2006, Petitioner filed an identical habeas petition in the California Supreme Court, alleging
13 the same four claims. On December 20, 2006, the California Supreme Court denied the Petition without
14 comment. [Lodgment No. 15.]

15         On May 9, 2007, Petitioner filed a federal habeas petition alleging four grounds for relief: (1)
16 violation of his Sixth Amendment right to counsel of his choice based on the trial court denying his
17 motion for a *Marsden* hearing; (2) violation of his First and Sixth Amendment rights when the trial court
18 denied him the opportunity to address the jury directly at the completion of closing arguments; (3)
19 violation of his Fourteenth Amendment due process rights based on prosecutorial vindictiveness; and
20 (4) trial court sentencing error under *Cunningham v. California*, 549 U.S. 270 (2007). [Lodgment No.
21 16.] Petitioner filed a motion to proceed *in forma pauperis* concurrently with his federal petition. The
22 Court granted the motion, but stated that Petitioner failed to allege exhaustion for his *Cunningham*
23 claim. [Doc. No. 3.] The Court instructed Petitioner regarding his options to proceed, given his failure
24 to exhaust at least one of his four claims, and set a July 5, 2007, deadline for Petitioner to choose an
25 option and file an appropriate pleading. [*Id.*]

26         On July 5, 2007, Petitioner filed a "Petition to Motion to Procede [sic] in Forma Pauperis to
27 Staying in Federal District and Getting a Favorable Decision in Supreme or Exhausting Remaining
28 Claims Simultaneously" [doc. no. 4], as well as a Notice of Lodgment in Support [Doc. No. 7]. The
   Court construed the motion as a request by Petitioner to stay and abey his petition in order to return to

1 state court to exhaust his *Cunningham* claim, and ordered Respondent to file a response to the motion
2 [Doc. No. 5]. Respondent filed a Motion to Dismiss [doc. no. 8], arguing that Petitioner failed to exhaust
3 all four of his claims properly, and thus his petition should be dismissed in its entirety.

4 Magistrate Judge Nita Stormes prepared a Report and Recommendation finding that Petitioner
5 properly exhausted only his First Amendment free speech claim. [Doc. No. 9.] In both of his state
6 habeas petitions, the petitioner specifically pled his First Amendment violation claim regarding the
7 court's refusal to allow him to address the jury directly during trial. Thus he "fairly presented" the issue
8 to the California Supreme Court and the claim was properly exhausted. The magistrate judge further
9 recommended his motion for a stay be denied based on his failure to demonstrate good cause for not
10 exhausting his other three claims. Finally, the magistrate judge recommended that Respondent's motion
11 to dismiss be granted, but that Petitioner be given an opportunity to file an amended petition deleting
12 the unexhausted claims and presenting only his exhausted First Amendment claim.

13 On March 18, 2008, this Court adopted the Report and Recommendation in its entirety, granting
14 Respondent's motion to dismiss and denying Petitioner's motion for stay and abeyance. [Doc. No. 11.]
15 On May 1, 2008, Petitioner filed his first amended petition, in which he states only one ground for relief,
16 his First Amendment claim, as directed by the Court's prior order. [Doc. No. 12.] Respondent filed an
17 answer on May 29, 2008, arguing that Petitioner had no constitutional right to address the court
18 personally after his trial counsel's closing argument, and thus his claim should be denied. [Doc. No. 14.]
19 Magistrate Judge Stormes issued an R&R recommending denial of the petition. [Doc. No. 16.]

20 On October 3, 2008, Petitioner filed objections to the R&R raising many of the unexhausted
21 claims that were removed from Petitioner's First Amended complaint following the Court's directions.
22 [Doc. No. 20.] Petitioner requests that the Court "not deny this case and to dismiss or modify and
23 remove both strikes." [*Id.*] Specifically, the Petitioner states the "Superior Court denied [him] a
24 temporary insanity defence [sic]. Denied me private conflict counsel from the *Marsden* hearing. Denied
25 me my right to speech at closing argument of trial imposed a cruel & unusual punishment in
26 sentencing." [*Id.*] Furthermore, the Petitioner argues that the Superior Court also improperly denied him
27 a defense of temporary insanity, explaining that he was suicidal at the time the crime was committed
28 but is now under a steady medication regimen. [*Id.*]

### *LEGAL STANDARD*

## I. 28 U.S.C. § 2254 - State Habeas Corpus Petitions

A federal court must grant habeas relief to a petitioner in state prison if the petitioner is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court's duty in examining a state prisoner's habeas petition is governed by 28 U.S.C. § 2254 as amended by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to § 2254, a federal court may grant habeas corpus relief from a state-court judgment only if the adjudication was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). State interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional question would be implicated. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law;" federal courts may not reexamine state court determinations on state law issues).

## II. Pro Se Litigants

Pro se litigants' pleadings are generally treated with greater leniency due to a lack of formal legal education. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). Nevertheless, a pro se litigant must provide the defendant(s) with notice of whatever wrong(s) the defendant allegedly committed. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Civil rights claims are also construed liberally. *See Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985) (*en banc*) (holding that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"). However, a liberal interpretation cannot supply essential elements of the claim that were not initially pled. *Ivey v. Bd. of Regents of Univ. of Ala.*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. Reviewing Magistrate Judge's Report and Recommendation ("R&R")

The duties of a district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). A district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (2007); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo*' determination . . . Congress intended to permit whatever reliance a district judge, in exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

When no objections are filed to the R&R, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974). Only when a petitioner has filed objections must a district court review findings of fact and conclusions of law de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## *DISCUSSION*

Petitioner asserts one ground for relief in his first amended petition. Specifically, Petitioner claims that his First Amendment right to free speech was violated when he was not permitted to address the court directly after the completion of closing arguments at his trial. [Doc. No. 12.] In support of his claim, Petitioner states that his counsel refused to present certain facts to the jury to rebut a necessary element of intent required for the charge of burglary. For this reason, Petitioner tried to address the jury on his own behalf after closing arguments to explain those facts as his last hope. [*Id.*] Because he was denied the opportunity to speak directly to the jury, Petitioner claims a violation of his First Amendment right to free speech.

As mentioned previously, Petitioner asserted this claim in his state habeas petition before the California Supreme Court which denied the petition without comment. [Lodgment No. 15.] Therefore, this Court is required to "look through" the high court's summary order to the last reasoned state court opinion, the state superior court's order denying his petition. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

In denying the claim, the state superior court subsumed Petitioner's First Amendment claim into a Sixth Amendment ineffective assistance of counsel claim and did not address the claim within the context of a First Amendment right to free speech. However, the Sixth Amendment claim was not in fact fairly presented by Petitioner in his state petition to the California Supreme Court. Therefore, a unique situation results in which the last reasoned state court decision fails to specifically address Petitioner's First Amendment claim, the only claim sufficiently exhausted as the

1 state level, and instead addresses Petitioner's unexhausted Sixth Amendment claim. As there is no
2 state decision on the merits of the First amendment claim, this Court reviews it de novo. *Pirle v.*
3 *Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Thus, this Court must independently determine
4 whether Petitioner's First Amendment rights were violated at the close of his trial.

5 Generally, the First Amendment provides that: "Congress shall make no law. . .abridging the
6 freedom of speech." U.S. CONST. amend. I. However, expression can be subject to reasonable time,
7 place, or manner restrictions provided those restrictions are narrowly tailored to serve a significant
8 governmental interest, and that adequate alternative channels for communication are available.
9 *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984). There is no doubt that, as a
10 general matter, speaking in a courtroom in front of a judge and jury is an expressive activity. The
11 pertinent question in this case though is whether the First Amendment affords a represented criminal
12 defendant the freedom to speak directly to the court or jury.

13 The record shows that following the prosecution's closing argument, the court ordered a ten
14 minute recess and then resumed. Petitioner's trial attorney then addressed the jury for purposes of
15 the defense's summation and closing argument. [Lodgment No. 4.] Afterwards, the prosecutor
16 made his final rebuttal arguments and at which point the Petitioner requested to address the court.

17 [Petitioner]
18 Q: Your Honor, may I address the Court, please?
19 [The court]
20 A: No, I'm afraid you can't, Sir.
21 Q: I can't?
22 A: There is not the time.
23 Q: On my own behalf?
24 A; I'm afraid no, Sir. You guys talk for a minute.
25 [Attorney - Client Discussion Held Off the Record]
26 [*Id.* at 249.]

27 A criminal defendant, during his or her trial, is guaranteed certain constitutional rights by
28 clearly established federal law. There are far too many to discuss here in detail. Federal
jurisprudence has repeatedly upheld the protections for criminal defendants granted by the Bill of

1  Rights, and has established that those protections extend to state court proceedings via the
2  Fourteenth Amendment. Some of the rights afforded to the criminally accused include: the Fifth
3  Amendment provides that a defendant cannot "be compelled in any criminal case to be a witness
4  against himself," *see* U.S. CONST. amend. V; the Fifth Amendment also guarantees the right not to
5  be subjected to prosecution for the same offense to "be twice put in jeopardy of life or limb," *id.*; the
6  "confrontation clause" of the Sixth Amendment gives defendants the right to confront witnesses
7  against them, *see* U.S. CONST. amend. VI; the Sixth Amendment also guarantees the right to a public
8  trial, the right to be tried by a jury of peers in most cases, the right to a speedy trial, and the right to
9  effective assistance of counsel for one's defense. *Id.* Petitioner's only claim remaining before the
10 Court invokes none of the protections mentioned. Instead, Petitioner's claim is based solely on the
11 First Amendment guarantee of freedom of speech.

12 In order to determine whether Petitioner can succeed on the merits of his First Amendment
13 claim, the Court must begin its inquiry by determining the nature of the relevant forum, in this case,
14 the courtroom in which his trial was held at the San Diego County Superior Courthouse. The
15 Government cannot free handedly impose restrictions on speech in traditionally "public" places like
16 sidewalks, streets and parks. *U.S. v. Grace*, 461 U.S. 171, 176 (1983). Although courtrooms are
17 accessible by the public, they are not areas traditionally made available for public assembly, debate,
18 or speech. Publicly owned or operated property does not become a "public forum" simply because
19 members of the public are permitted to come and go at will. *See Greer v. Spock*, 424 U.S. 828, 836
20 (1976). In fact, the Supreme Court has held that "[e]ven protected speech is not equally permissible
21 in all places and at all times." *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788,
22 799 (1985). The Constitution does not require the government to freely grant access to all those who
23 wish to exercise their right to free speech on every type of Government property. *Id.* The nature of
24 the property or the disruption that might be caused by the speaker's activities can also be considered.
25 *Id.* at 800. The Government, like a private property owner, "has the power to preserve the property
26 under its control for the use to which it is lawfully dedicated." *Adderly v. State of Fla.*, 385 U.S. 39,
27 47 (1966).

28 To that extent, a court can regulate speech in a courtroom to preserve its legitimate
governmental goal of ensuring the efficient and fair administration of justice. *See Sheppard v.*

*Maxwell*, 384 U.S. 333, 363 (1966) (holding that "neither prosecutors, counsel for defense, *the accused*, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function" (emphasis added)). Here, the Petitioner sought to speak directly to the jury, admittedly for his own defense. However, the Petitioner was already represented by counsel who made a closing argument on his behalf. [Lodgment No. 4. at 237.] Had the court allowed the Petitioner to speak to the jury following the prosecutor's closing argument, the Petitioner's rebuttal statements may have disrupted the court's orderly process and frustrated its primary function of ensuring a fair and reasoned presentation of the case to the jury.

As additional support, the Supreme Court fleshed out this view of the First Amendment in the courtroom, at least as it applies to counsel. In *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991), the court stated as dicta: "[i]t is unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed. An attorney may not, by speech or other conduct, resist a ruling of the trial court beyond the point necessary to preserve a claim for appeal." The Ninth Circuit further elaborated in *Zal v. Steppe*, 968 F.2d 924, 929 (9th Cir. 1992), that "zealous counsel cannot flout [judicial] authority behind the shield of the First Amendment."

A traditional First Amendment analysis supports the conclusion that all participants in a courtroom proceeding lack a First Amendment right to "speak freely" before the Court. *See id.* at 932 (holding that the First Amendment does not protect speech that exceeds the speaker's trial rights during a judicial proceeding in court). Although courtrooms have always involved the most important kind of speech and debate, it does not follow that expression in the courtroom is without restraint. Proceedings that take place in a courtroom, which presumably involve speech by attorneys, clients, witnesses, jurors, and court personnel, are presided over by a judge with the discretion to conduct and control the proceedings. Thus, traditional concepts of "free" speech are fundamentally inconsistent and inapplicable in a courtroom setting. Procedural rules, evidentiary rules, and judicial discretion operate to limit what anyone present at courtroom proceedings may or may not say. For example, witnesses may only speak when called to the stand, and even then they are only allowed to speak on issues within the scope of the questions asked by the court or counsel. *See* 31A CAL. JUR. 3D *Evidence* § 675 (2009). If a witness strays outside of these parameters, evidentiary objections by

1   the attorneys and admonishments from the court immediately restrict his or her speech. *Id.*
2   Additionally, a trial judge can control counsel's method of interrogation, within reason, to protect
3   the witness from undue harassment or embarrassment. *Id.* Similarly, trial judges have great
4   discretion in deciding whether or not to allow a represented criminal defendant to speak on his own
5   behalf. *See U.S. v. Dellinger*, 472 F.2d 340 (1972) (holding that whether a represented defendant
6   may himself address the jury lies within the discretion of the trial judge, and that the trial judge did
7   not err in denying the defendants' request to personally conduct their closing argument to the jury).

8       While criminal defendants in a courtroom are not entitled to an unfettered right to speak
9   freely at any time, they are sometimes afforded the opportunity to speak to the judge before
10  sentencing in an attempt to mitigate their punishment. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii) (right of
11  allocution during federal prosecutions). In this case, the trial court provided the Petitioner another
12  opportunity to express himself prior to his sentencing hearing by way of a letter that he addressed
13  and mailed directly to the trial judge. The following excerpt from the actual sentencing hearing
14  transcript confirms this:

15      [The Court]
16      Q:    Any legal cause why sentencing should not be pronounced?
17      [Defense counsel]
18      A:    No your honor. I also have a letter that my client is addressing to the court, but I'm
19              letting the other parties read that.
20      Q:    I have one in my file that was written by Mr. Franck. Is that the same letter?
21      A:    Actually, it's a new letter.
22      Q:    This one is filed with the court January 12th.
23      [The Defendant]
24      A:    I mailed it.
25      [Defense counsel]
26      A:    He mailed it.
27      [Prosecutor]
28      A:    We're reading a letter dated November 15, 2004.
    [The Court]

| | | |
|---|---|---|
| 1 | Q: | This could be different than this one? |
| 2 | [Defense counsel, addressing his client] | |
| 3 | Q: | Are they essentially saying the same thing? |
| 4 | [The Defendant] | |
| 5 | A: Essentially, yes | |
| 6 | [The Court] | |
| 7 | A: | Then I have a statement in mitigation filed by Mr. Miller and the probation officer's |
| 8 | | report, and of course I heard the trial in this matter. I read that letter. It came here a |
| 9 | | few days ago, I think. |

[Lodgment No. 7.]

While the Petitioner's speech was somewhat regulated by the court, it was by no means entirely prohibited. The trial court properly gave the Petitioner an opportunity to express his feelings and concerns as well as make apologies or promises for the future. When the trial judge asked "are [the letters] essentially saying the same thing?", Petitioner could have voiced his concerns or objections to the court if the most recent letter was in fact different from the initial letter he already sent. The Petitioner, however, replied "essentially, yes." Ultimately, the trial judge gave the Petitioner's letter(s) due consideration as evidenced by the court's acknowledgment that a "statement in mitigation" had been filed by the defendant.

   Allocution, however, as this opportunity is called, is not a separate federal constitutional right and therefore, not an issue of applicable federal law before this Court. *See Hill v. United States*, 368 U.S. 424 (1962) (holding that the failure of a trial court to ask a represented defendant whether he has anything to say before sentencing is neither a jurisdictional nor constitutional error sufficient to issue a writ of habeas corpus: "It is not a fundamental defect which inherently results in a complete miscarriage of justice").  Therefore, this Court's analysis is focused not on the status of allocution in the state of California but rather to what extent Petitioner's federal First Amendment right to free speech may have been violated.

   Thus, after reviewing the record in this case de novo, as well as the clearly established applicable federal law, this Court finds that the trial judge did not err by denying the Petitioner the opportunity to address the jury after closing arguments. The judge's limitation on the Petitioner's

speech was not unreasonable in light of the trial judge's legitimate goal of conducting an efficient and fair trial. Here, there is a sufficient governmental interest in ensuring an orderly trial and the Petitioner was able to communicate with the court through alternative channels, namely through letters sent directly to the presiding trial judge. The Petitioner was not uniformly silenced but merely prohibited from speaking directly to the jury. This request is beyond the scope of his recognized rights as a represented criminal defendant.

## Conclusion

Based on the foregoing reasons, the Petitioner has failed to demonstrate, under 28 U.S.C. § 2254, that the trial court violated his First Amendment right to free speech during the course of his trial in light of clearly established federal law and the evidence presented at the state court proceeding. Therefore, this Court **ADOPTS** the R&R and **DENIES** the petition.

**IT IS SO ORDERED.**

DATED: April 17, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All parties